Isidob, Wassebvogel,
Spec. Eef. Plaintiff seeks, a declaratory judgment determining, among other things, that he is entitled to examine the books and records of defendant and its subsidiary corporations.
Plaintiff and his brother, one Joseph Nash, were the sole and equal stockholders of defendant, a corporation engaged in operating approximately 60 retail women’s apparel stores throughout the United States. On March 27, 1956, plaintiff and defendant entered into a written contract whereby plaintiff sold all of his stock of the corporation for an amount in excess of a half million dollars. Fifty thousand dollars has been paid on account of the purchase price, the balance to be paid by defendant to plaintiff in fixed installments over a period of about 12 years.
In a companion action instituted by plaintiff prior to the one at bar, it was determined by the court that plaintiff, by virtue of the aforesaid contract for the sale of his stock of defendant corporation, had forfeited all rights of a stockholder to an examination of defendant’s corporate books and records. (Matter of Nash, 11 Misc. 2d 768.) In the instant action, plaintiff now relies upon his alleged contractual rights pursuant to this 1956 agreement to support his contention that he is entitled by the provisions thereof to inspect the books and records not only of defendant but of all its subsidiary corporations.
The record shows that each of defendant’s retail stores is operated as a separate corporate entity. There is no dispute that defendant owns substantially all of the stock and controls the activities of each of these subsidiaries. All financial operations of these retail stores are, in effect, supervised by defendant and their corporate books of account and financial records are kept in its New York office. Contrary to plaintiff’s contention, however, the mere fact that these records and the financial supervision of the subsidiaries are localized in one place does not, ipso facto, entitle him to the broad inspection rights he seeks herein. As heretofore stated, plaintiff’s rights as a stockholder have previously been adjudicated to have terminated. He must now rely solely upon the inspection privileges set forth in the 1956 agreement for the sale of his stock of the defendant corporation.
*178 Paragraph “ Eight ” of this agreement, insofar as it is here relevant, provides as follows: “ (g) Financial statements as of January 31st and July 31st of each year shall he given to the Party of the Second Part (plaintiff) within ninety days from such dates. Once in each calendar year, upon the written request of the Party of the Second Part (plaintiff) an inspection of the boohs and records of the Party of the First Part (defendant)may be made by him or by his designated representative.” (Emphasis added.)
It is plaintiff’s contention that in view of the close control by defendant over its subsidiaries, this provision of the contract, which entitles him to an annual inspection of defendant’s books and records must be construed to entitle him also to examine the books and records of the numerous subsidiary corporations. Such contention is without merit.
There is nothing in the record to warrant the conclusion, as plaintiff alleges, that the books and records of the subsidiaries constitute, in fact, the books and records of defendant. On the contrary, the credible testimony and documentary evidence establish that each subsidiary corporation maintains its own independent books and records, has its own employees, its own bank account, files its own separate State and Federal tax returns and is independently incorporated in the particular State in which it operates. Likewise, it appears that the membership of the boards of directors of the many subsidiaries varies in each corporation. These indisputed facts conclusively establish that defendant recognized and preserved the separate identities of each corporation and clearly refute plaintiff’s claim that the books and records of the subsidiaries are those of the parent corporation.
An examination of the 1956 agreement shows that, without exception, whenever the term “ Party of the First Part ” was used therein, it referred only to defendant, and that whenever the parties intended to refer to the subsidiary corporations, the term “ subsidiaries ” was always used. It is significant that this contract was drawn by competent and experienced counsel representing plaintiff. This draftsman, called as a witness in the trial by defendant, unequivocally stated that when he drew the provisions of the stock sales agreement, it was specifically intended and agreed to by the parties that plaintiff’s rights to an examination of books and records be limited solely to those of the defendant corporation. He further stated that all reference to the books and records of the subsidiaries was intentionally excluded from the agreement. In the opinion of the court, this uncontradicted evidence defeats plaintiff’s attempt *179 at this time, in effect, to rewrite the terms of the agreement in order to enable him to broaden his inspection privileges to include the records of the subsidiaries under the provisions of paragraph “Bight ” (g), (supra).
Nothing in the agreement between the parties gave plaintiff the right to supervise the operation of defendant’s business. Regardless of what additional provisions plaintiff may now consider desirable to insert in the 1956 agreement drawn by his own attorney, he may not, under the guise of this action, have the court revise and extend his rights thereunder. Likewise, under the circumstances here involved, there is no basis for plaintiff’s claim that the doctrine of “piercing the corporate veil” be invoked by the court. In view of the clear and unambiguous provisions of the stock sales agreement and, in the absence of any proof of any default by defendant thereunder, the court will not permit plaintiff to engage in a “fishing expedition” by allowing an inspection of books and records of approximately 60 other separate corporate entities. I hold, therefore, that plaintiff’s rights to inspect the books and records pursuant to the 1956 contract are limited to the books and records of defendant, Gay Apparel Corporation.
Judgment is rendered for plaintiff only to the extent indicated herein. In all other respects, the complaint is dismissed upon the merits.
Submit decree accordingly within 10 days on three days’ notice.
No costs are awarded.
The above constitutes the decision of the court as required by the applicable provisions of the Civil Practice Act.